**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELMIRA MIRIEVA, individually and on behalf of all others similarly situated, | Civil Action No. 1:18-cv-07383-RJD-SMG |
| Plaintiff, | |
| vs. | |
| ALPHA RECOVERY CORP., and JHPDE FINANCE 1, LLC | |
| Defendants. | |

### JHPDE FINANCE 1, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF ELMIRA MIRIEVA COMPLAINT

Defendant JHPDE Finance 1, LLC ("JHPDE" or "Defendant"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff Elmira Mirieva ("Mirieva" or "Plaintiff"). In support thereof, JHPDE avers as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws. . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

**ANSWER: The allegations in Paragraph 1 contain conclusions of law to which no response is required.**

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

**ANSWER: The allegations in Paragraph 2 contain conclusions of law to which no response is required.**

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

**ANSWER: The allegations in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE admits that Plaintiff purports to state a claim which would be within the jurisdiction of this Court but denies that Plaintiff actually states a claim for which she is entitled to relief.**

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER: The allegations in Paragraph 4 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE admits that Plaintiff purports to state a claim which would be within the jurisdiction of this Court and for which this Court would be the proper venue; but JHPDE denies that Plaintiff actually states a claim for which she is entitled to relief.**

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendants' actions of using an unfair and unconscionable means to collect a debt.

**ANSWER: JHPDE admits that Plaintiff filed the instant purported class action Complaint seeking redress for alleged violations of the Fair Debt Collection Practices Act but denies any wrongdoing or violations of any law. JHPDE denies each and every allegation in Paragraph 5 not specifically admitted herein.**

6.    Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**ANSWER: Denied.**

7.    Plaintiff is seeking damages, and declaratory and injunctive relief.

**ANSWER: JHPDE admits that Plaintiff is seeking damages, and declaratory and injunctive relief, but JHDPE denies that she is entitled to any of the requested relief.**

## PARTIES

8.    Plaintiff is a natural person and a resident of Brooklyn, New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

**ANSWER: Upon information and belief, JHPDE admits that Plaintiff is an individual who resides in Brooklyn, New York. The remaining allegations in Paragraph 8 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).**

9.      Alpha is a corporation with its registered offices located at 6912 S. Quentin Street, Unit 10, Centennial Colorad (sic), 80112.

**ANSWER: The allegations contained in Paragraph 9 are directed at a party other than JHPDE and thus no response is required.**

10.      Upon information and belief, Alpha is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

**ANSWER: The allegations contained in Paragraph 10 are directed at a party other than JHPDE and thus no response is required.**

11.      Alpha is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 169246).

**ANSWER: The allegations contained in Paragraph 11 are directed at a party other than JHPDE and thus no response is required.**

12.      JHPDE is a debt collector with its registered agent located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

**ANSWER: JHPDE admits that it has a registered agent located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816. The remaining allegation contained in Paragraph 12 is a conclusion of law that does not require a response.**

13.      Upon information and belief, Defendant JHPDE is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

**ANSWER: Denied.**

14.    JHPDE is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 16920).

**ANSWER: The allegations in Paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 14.**

## ALLEGATIONS OF FACT

15.    Some time prior to June 14, 2018, an obligation was allegedly incurred to Citibank, N.A.

**ANSWER: JHPDE admits that Plaintiff incurred an obligation to Citibank, N.A. prior to June 14, 2018.**

16.    The Citibank NA. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

**ANSWER: JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.**

17.    The alleged Citibank N.A. obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:  Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.**

18.    Citibank N.A.is a "creditor" as defined by 15 U.S.C. § 1692a(4).

**ANSWER: Paragraph 18 contains conclusions of law to which no response is required.**

19.     Sometime prior to June 14, 2018, Citibank N.A. charged off the debt at $2,633.45 and sold the debt to JHPDE Finance 1, LLC ("JHPDE")

**ANSWER: JHPDE admits that Citibank, N.A. charged off Plaintiff's account, that the charged-off balance was $2,633.45, and that Citibank, N.A. sold and assigned Plaintiff's account, which was ultimately assigned to JHPDE.**

20.     At the time to the charge off, Citibank N.A. ceased charging any interest and late fees, and waived any right to charge interest or late fees in the future.

**ANSWER: JHPDE admits that Citibank, N.A. stopped charging interest and late fees after it charged off Plaintiff's account. JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.**

21.     After purchasing the debt, JHPDE began charging interest and other fees

**ANSWER: Denied.**

22.     Upon information and belief, JHPDE has no contractual or legal right to charge interest or fees on the alleged debt.

**ANSWER: Admitted.**

23.     JHPDE directly or through an intermediary hired Alpha to collect the alleged debt.

**ANSWER: JHPDE admits that it hired Alpha to collect the balance on Plaintiff's account.**

24.     Alpha is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collects debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

**ANSWER: The allegations in Paragraph 24 are directed at a party other than JHPDE, thus no response is required.**

25.     On or about June 14, 2018, Alpha sent a letter (the "Letter") to the Plaintiff a collection letter regarding the alleged debt. See Exhibit A.

**ANSWER: Admitted, upon information and belief.**

26.     Upon information and belief, this Letter was the first communication between Alpha and the Plaintiff regarding the alleged debt owed to JHPDE.

**ANSWER: JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26.**

27.     Plaintiff received the letter and read it.

**ANSWER: JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 27.**

28.     The Letter states in part:

"Debt Due as of Charge-Off: $2,633.45

Interest Accrued since Charge-Off: $327.57

Non-Interest Charges or Fees Accrued since Charge-Off: $208.29

Payments Made on Debt since the Charge-Off $0.00

Balance Due: $2,633.45".

**ANSWER: To the extent this paragraph accurately quotes the document attached to the complaint as Exhibit A, no response is required because the document speaks for itself.**

29.     By illegally charging interest and fees, Defendants violated the FDCPA.

**ANSWER: JHPDE denies that it charged interest and fees, and denies that it violated the FDCPA.**

30.     Furthermore, Plaintiff, as would any least sophisticated consumer, was left confused as to the supposed amount of the alleged debt; $2,633.45 or $3,169.31.

**ANSWER: Denied.**

31.     Defendants' actions caused the Plaintiff real harm, by subjecting the Plaintiff to deceptive collection practices in violation of his substantive rights to be free from such practices, and by creating the risk that the Plaintiff would pay more money than he owed, in excess of what the Defendant could lawfully receive.

**ANSWER: Denied.**

32.     As a result of the Defendants' violations of the FDCPA, the Plaintiff was harmed.

**ANSWER: Denied.**

33.     Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

**ANSWER: Denied.**

<u>**CLASS ALLEGATIONS**</u>

34.     Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**ANSWER: JHPDE admits that Plaintiff filed this instant cause of action on behalf of herself and a purported class seeking redress for alleged violations of the FDCPA but denies any characterization that is inconsistent with the statutes and denies any violations thereof. JHPDE denies that it violated the FDCPA with respect to Plaintiff or his purported class. Further, JHPDE denies the existence of her purported class and denies that her purported class satisfies the requirements of Fed. R. Civ. P. 23.**

35.     Class A consists of (a) all individuals with addresses in the state of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt owed to JHPDE FINANCE 1, LLC (d) in which they attempted to charge interest, charges, or fees post charge off (e) when such amounts were not authorized to be collected (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

**ANSWER: JHPDE admits that Plaintiff filed this instant cause of action on behalf of herself and a purported class as described in Paragraph 35 but denies that it violated the FDCPA with respect to Plaintiff or her purported class. Further, JHPDE denies the existence of her purported class and denies that her purported class satisfies the requirements of Fed. R. Civ. P. 23.**

36.     Class B consists of (a) all individuals with addresses in the state of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt owed to JHPDE FINANCE 1, LLC (d) in which the total amount of debt as of charge off plus interest and/or non-interest charges or fees does not equal the alleged balance due (e) which letter was

sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

**ANSWER: JHPDE admits that Plaintiff filed this instant cause of action on behalf of herself and a purported class as described in Paragraph 36 but denies that it violated the FDCPA with respect to Plaintiff or her purported class. Further, JHPDE denies the existence of her purported class and denies that her purported class satisfies the requirements of Fed. R. Civ. P. 23.**

37.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

**ANSWER: The allegations in Paragraph 37 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the existence of Plaintiff's purported classes and denies that her purported classes satisfy the requirements of Fed. R. Civ. P. 23.**

38.    Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

**ANSWER: JHPDE admits that Plaintiff seeks to exclude the identified persons from her purported classes but denies that it violated the FDCPA with respect to Plaintiff or her purported classes. Further, JHPDE denies the existence of her purported classes and denies that her purported classes satisfy the requirements of Fed. R. Civ. P. 23.**

39.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

**ANSWER: The allegations in Paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 39.**

40.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

**ANSWER: The allegations in Paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 40.**

41.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

**ANSWER: The allegations in Paragraph 41 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 41.**

42.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) Numerosity: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above is so numerous that joinder of all members would be impractical.

(b) Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

(c) Typicality: The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) Adequacy: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

**ANSWER: The allegations in Paragraph 42 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 42.**

43.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER: The allegations in Paragraph 43 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 43.**

44.     Depending on the outcome of further investigation and discovery. Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**ANSWER: The allegations in Paragraph 44 do not require a response from JHPDE. To the extent a response is required, JHPDE denies the existence of her purported class and denies that her purported class satisfies the requirements of Fed. R. Civ. P. 23.**

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C.§ 1692e et seq.

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**ANSWER: For its response to Paragraph 45, JHPDE incorporates by reference its responses to Paragraphs 1-44 of the Complaint.**

46.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

**ANSWER: Denied.**

46.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**ANSWER: The allegations in Paragraph 46 contain conclusions of law to which no response is required.**

48.     Defendant violated said section by:

    • Falsely representing the amount of the debt in violation of §1692e(2)

    • Making a false and misleading representation in violation of §1692e(10).

**ANSWER: Denied.**

49.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**ANSWER: Denied.**

<u>**COUNT II**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C.§ 1692e (sic) et seq.**

50.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**ANSWER: For its response to Paragraph 50, JHPDE incorporates by reference its responses to Paragraphs 1-49 of the Complaint.**

51.      Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

**ANSWER: Denied.**

52.      Pursuant to 15 U.S.C. §I 692f, a debt collector may not use unfair or unconscionable practices when attempting to collect a debt.

**ANSWER: The allegations in Paragraph 52 contain conclusions of law to which no response is required.**

53.      Defendant violated said section by attempting to collect an amount not expressly authorized by the agreement creating the debt or authorized by law in violation of 1692f(1).

**ANSWER: Denied.**

54.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**ANSWER: Denied.**

**COUNT I**
**(sic)**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C.§ 1692g et seq.**

55.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**ANSWER: For its response to Paragraph 55, JHPDE incorporates by reference its responses to Paragraphs 1-54 of the Complaint.**

56.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

**ANSWER: Denied.**

57.     Pursuant to 15 U.S.C. §1692g, a debt collector must in the initial communication with a consumer notify clearly as to the amount of the debt.

**ANSWER: The allegations in Paragraph 57 contain conclusions of law to which no response is required.**

58.     Defendant violated said section by not notifying the Plaintiff clearly as to the amount of the debt in violation of 1692g(a)(1).

**ANSWER: Denied.**

59.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**ANSWER: Denied.**

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Classes statutory damages;

(c) Awarding Plaintiff and the Classes actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Classes such other and further relief as this Court may deem just and proper.

**ANSWER: JHPDE denies that the Plaintiff is entitled to the relief demanded in her Prayer for Relief.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against JHPDE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, release, accord and satisfaction, or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's agreement with the original creditor contains an arbitration provision or a class action waiver. JHPDE demands that this matter be stayed, and that Plaintiff pursue her individual claims against Defendant in arbitration per the terms of her credit agreement. Therefore, Plaintiff lacks standing to bring this action in this forum. JHPDE reserves, and does not waive, its right to compel individual arbitration of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed with prejudice for lack of standing or capacity to sue.

## FIFTH AFFIRMATIVE DEFENSE

JHPDE maintains procedures that are reasonably calculated to ensure that the information required by 15 U.S.C. § 1692g is properly disclosed in the initial communication or within five days of the initial communication when not provided in the initial communication. JHPDE also maintains procedures that are reasonably calculated to ensure that communications are not confusing or misleading. If a violation of the FDCPA is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

WHEREFORE, Defendant, JHPDE Finance 1, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint, and grant any and all other relief as the Court deems is just and equitable.

Dated: March 1, 2019

Respectfully Submitted,

MAURICE WUTSCHER, LLP

Attorneys for Defendant
JHPDE Finance 1, LLC

By: */s/ Thomas R. Dominczyk*

Thomas R. Dominczyk
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550
tdominczyk@mauricewutscher.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served on this date via ECF, which will send electronic notification to the following:

    Yitzchak Zelman, Esq.
    Marcus & Zelman, LLC
    701 Cookman Avenue, Suite 300
    Asbury Park, New Jersey 07712
    yzelman@marcuszelman.com

Dated: March 1, 2019

MAURICE WUTSCHER, LLP

Attorneys for Defendant
JHPDE Finance 1, LLC

By: */s/ Thomas R. Dominczyk*
Thomas R. Dominczyk
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550
tdominczyk@mauricewutscher.com